Good afternoon. May it please the court, counsel. I am Jay Wigman, an Assistant Appellate Defender with the Office of the State Appellate Defender, Counsel for Defendant Appellant Ontario. Barney, who asserts that the trial court erred when it entered convictions on and imposed sentences for both felony murder predicated on arson and aggravated arson because both required the commission of the same act, that being arson. The defendant was charged by indictment with seven counts, all of which stemmed from a single arson. And when I say stemmed from, I am referring to the language contained within the indictment. Count one charged first degree murder, strong probability theory. That count was ultimately withdrawn by the state. Counts two through four charged felony murder in that it was alleged that the defendant had caused three deaths by intentionally and unlawfully committing felony arson by starting a house fire while three people were present in the house. Count five mirrored that count but referred to the felony murder of a child under the age of 12. Counts six through eight alleged three different forms of arson. The first was aggravated arson, a violation of 720 ILCS 5-20-1.1A1, and alleged that the defendant had, in the course of committing felony arson, knowingly damaged property, knowing that somebody was there. The next count alleged residential arson, the destroying of the building of another. And the final count alleged arson in that the defendant caused more than $150 of damage to property of another by means of fire. The indictment reflected throughout the statutes and the instructions and the language contained therein. The jury found the defendant guilty of counts two through seven. Again, that first count had been withdrawn by the state. Without comment, the court entered judgment on the remaining counts except for residential arson and arson. The defendant received two consecutive life sentences and a consecutive sentence of 30 years for aggravated arson, which is the conviction and sentence at issue in this case. It is the defendant's position that felony murder predicated on arson has, at its root, the same element as aggravated arson, that being arson. In a way, it's parallel to a first degree murder count, an aggravated battery count, and a battery count. And the two last charges being subsumed by the first degree murder charge, those being aggravated battery and battery, again requiring the battery, which is the root of the intentional murder. Or put another way, neither conviction could be stained without an arson in this case. Because of the trial court-committed plain error, the defendant requests that this court reverse his conviction of aggravated arson and vacate his sentence for that offense. If there are no further questions from the court. Thank you. Let's take a minute of it. May it please the court, counsel. First off in this case, the issue here has been forfeited for its failure to have been raised below. You know, for failure to take and comply with the post-sentencing motion requirement that all sentencing cases be raised. I think that question of plain error comes in, when we look at plain error in sentencing, it's a question of whether or not the evidence was closely balanced, or whether or not the defendant was denied a fair sentencing hearing. Now what we're talking about is we're talking about the judge issuing a sentence on a conviction. As I was sitting here, and as I was preparing, I was thinking, in this particular case, was the defendant denied a fair sentencing hearing? A hearing at which he was allowed to supply evidence, make arguments, to try to take and ameliorate whatever sentence the judge was going to impose. That is not the issue here. The issue here is what the trial judge did by imposing a sentence on the aggravated arson. Trial judges have jurisdiction, they can make right decisions, they can make wrong decisions. The fact that a judge potentially imposes a sentence that is illegal does not necessarily deprive the defendant of a fair sentencing hearing. It may not be the correct thing for the trial judge to do, but the Supreme Court has indicated that a trial judge has the authority to make the right decision, as well as the wrong decision, which is the reason why the court jettisoned People v. Arnold and got rid of the void sentence aspect. So when we start talking about the fact that the defendant's substantial rights were violated, what does substantial rights mean? In terms of the application of plain error, I think that substantial rights, when the courts use that, I think basically makes plain error into what it's really not supposed to be, which is a general savings clause. And I think that unless the case can actually fit within the parameters of plain error as defined by the Illinois Supreme Court, then I think that in this particular case, which I don't think it does, this issue has been waived. Alternatively, if this court were to decide that plain error applies and this court is going to consider the issue regardless, that in this case, felony murder based on arson and aggravated arson are not one act, one crime. What I think has become somewhat of a problem in the analysis is the fact of we all focus on one act as basically deriving one crime. But in this particular case, what you can have is you can have an act, but that act can create two crimes. That does not make it one act, one crime. You've got one act, two crimes. One act, three crimes. The example there of felony murder based on aggravated battery, if the aggravated battery is hitting somebody over the head with a baseball bat, and that happens to also be the same act that is used to take with respect to the murder, and that's what you just have, based on the fact of felony murder, based on the aggravated battery of hitting somebody in the head, what you have is one act, but you only really do have one crime, being committed, that being the death of the individual. In this case, what we have is we might have the setting on fire of the house, but we actually have two crimes that came from that act of setting the house on fire. That being the murder of the individuals, as well as the aggravated arson, which was the destruction of the property of someone else, at the time when the defendant knew or should have known someone was inside. Based on the one act, one crime for purposes of conviction, we look at the abstract elements approach. That's Peeble versus Miller. We look at the abstract elements, not the charge against them. We don't look at what was charged. We don't look at whether or not the charge is broad enough and states the general outline for a potential lesser crime. That approach only applies to whether or not a jury gets to be charged with a jury instruction on what is otherwise an uncharged offense. But when we have convictions here, we look at the abstract elements. You can commit felony murder based on arson without necessarily committing an aggravated arson based on the fact of destroying someone's property and at the time knew or should have known someone was inside. You could take and set fire to some place thinking and thoroughly believing totally that that place is vacant, and it's not, and someone dies. You could have aggravated arson based on the destruction of the property, although you didn't know, actually you couldn't because you didn't know that someone was in there, but you could still, none of us have the felony murder based on arson. Even though he didn't know that the person was in there, he's still responsible, he could still charge the felony murder. In this case, the fact that the individual may have known the individual was in there, basically as he destroyed the house, that is aggravated arson. It has nothing to do with the ultimate death that occurred. That is something altogether different. And so what we have here, based on the act of arson, we have two crimes. The killing of the people inside as well as the aggravated arson statute provides. It is basically the destruction of property of another at a time that he know or should have known that one or more persons were inside. It has nothing to do with their demise or their death, just the fact that they were present. So I think under the facts of this case, we have two separate crimes being committed  for the aggravated arson. So for those reasons, we would ask this court to affirm the sentences as imposed. So your argument is there's no error, so we don't have to get to blame him? That would also be correct. Do you want to speak to the length of the sentences? Part of the fairness of the sentencing hearing is looking, I think, at the outcome. You get two consecutive life sentences, and we're talking about an add-on 30 years, I think, if I remember correctly. That's correct. The end result is he's going to be there for life. Correct. So they are addressed in your brief, plain error, the second plain error. I'm just really struggling with how is there harm here. How is it unfair if there was error? Well, in the grand scheme, because he's going to be there for life regardless. Two consecutive ones. Two consecutive ones. Okay. Then he is not, quote-unquote, harmed. It's unlike the two cases that are recited where they treat it as substantial rights because one went from 40 to 30, one went from 47 or from 40 to 32.5 or something like that. That did not involve life sentences. Right. That's different. But I guess the problem that I have or the concept that I have is the fact of if one were to take and say in this case, you know, and I'm not saying that China is suggesting this, but in this particular case, I guess, you know, why are we debating over this consecutive 30-year sentence here and arguing forfeiture, plain error, et cetera? Because he's going to be in prison for life anyway. And because it's the concept, it's the idea of the application of warranted crime. Because we may have a situation, there may be a situation later on down the road where instead of getting a life sentence. And so that's the reason why we also need to take and address the plain error in this particular case to try to take and establish the parameters. Yes, there may not be any harm per se in this case. But we also have to, I think, delineate and maybe separate because there are a lot of older cases that use substantial rights. They will just take and say, oh, because this involves a defendant's sentence, it involves substantial rights, so we're going to consider it. Well, that's not really a plain error analysis at all. And I think that. Thank you for answering my question. I appreciate it. Okay. I will stop with that then. Thank you. I need a signal. Thank you, Mr. Knudovic. Mr. Wigman. So can you start by addressing my question? Isn't this just kind of a unique case where we have two consecutive life sentences that are impossible to assert? Well, I would start by noting that both in Samantha V. and in People V. Artists, there was a discussion as to, I don't want to say the relevance of prejudice, but perhaps the applicability of it. In Samantha V., we're dealing with a juvenile case, and whether there's really any prejudice to somebody having two convictions when just one enters. And I say conviction, you know I mean disposition. And in Artists, I believe the question concerned or there was a statement regarding concurrent sentences and whether there's really any impact on the defendant. And it was made clear in both of those cases that prejudice isn't really at issue because we're dealing with the second prong here, that being the integrity of the judicial system and the propriety of adding on another sentence and a consecutive sentence and another conviction for an instance where punishment is already permitted for the offense that was committed. And I don't want to get so informal as to say the piling on here, but it's been deemed inappropriate for a very long time in our jurisprudence to penalize somebody more than once for the one act. And that's where it comes into play here. It may not have any direct impact on this defendant, but the fact of the matter is it has an impact on the system, which is seen to be overreaching if the defendant is penalized twice for what amounts to a single act. I appreciate that answer. And if you're happy with that, then I'm happy with being done at this point. I like it when people are worried about keeping me here. Thank you very much. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. For right now, we'll stand in recess until 1 o'clock.